MARY F. F. RAMSDELL *vs.* DENNIS F. O'CONNELL, JR., executor, & another.

Suffolk.    October 10, 1929. — November 27, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Devise and Legacy,* Charge upon bequest.

A provision of a will, giving the testator's business to his nephew and directing him to pay a certain sum monthly to one of the employees in the business "so long as . . . [the employee] shall be in his employ in said business," did not mean that the nephew must continue such employment, nor did it create a permanent charge on the business.

PETITION, filed in the Probate Court for the county of Suffolk on April 23, 1928, and described in the opinion.

The respondents each demurred. The demurrers were heard by *Prest,* J., and were sustained, the petition being ordered dismissed. The petitioner appealed.

*E. B. Jackson,* for the petitioner.

*F. L. Norton,* for the respondents.

SANDERSON, J.    These are appeals from orders of the Probate Court sustaining demurrers and dismissing a petition under G. L. c. 197, § 19, to recover an alleged legacy under the will of Joseph P. O'Connell, in part from the defendant as executor under the will, and in part from him as legatee under the will.

The petition alleges, in substance, that the petitioner, a legatee under clauses ten and twelve of the will, had been a confidential employee of Joseph P. O'Connell for many years and contributed materially to the success of his business. Clause ten gives the testator's business and the residue of his property to his nephew, Dennis F. O'Connell, Jr., who

was to pay a specified sum monthly to his mother and father and to pay "not less than Seventy-five Dollars weekly as salary to May F. F. Ramsdell aforesaid so long as she shall be in his employ in said business." Clause twelve authorizes his executors, the respondent and another, to carry on his business for such time not exceeding one year as they shall deem reasonably necessary to enable them to turn over the same to Dennis F. O'Connell, Jr., free from debts and charges of the estate, other than his obligations under clause ten, erroneously referred to as clause nine, and taxes. In the sixth clause the testator established a trust fund of $30,000 for the benefit of the petitioner. The petitioner was retained as an employee in the business and received the salary of $75 a week from the death of the testator in January, 1926, to May 8, 1926, when she alleges that she was wrongfully and without cause, and in defiance of her rights as a legatee, discharged from the employment with the consent of the defendant by his coexecutor, who afterwards resigned his office as executor. She further alleges that she has no knowledge when the business was turned over to Dennis F. O'Connell, Jr., in his own right, if in fact that has been done. She seeks recovery from the executor of $75 a week from May 24, 1926, to the date of the transfer of the business, and from Dennis F. O'Connell, Jr., personally at the same rate from that date to the date of filing the petition. The petitioner contends, in effect, that she was entitled to remain in the employment so long as she desired and that the executors or executor was obliged to make her the weekly payments so long as he conducted the business, and that the defendant as an individual had the same obligation thereafter.

The obligations placed upon the defendant under the tenth clause of the will were to make the payments specified to his parents and to pay the petitioner at least $75 a week so long as she should be in his employ in the business. There was no testamentary direction that the petitioner should continue to be employed. We need not decide whether such a direction if made could be enforced. The will makes no provision for the payment of a salary to the petitioner after

she had ceased to be employed. The payments were to be for services rendered as an employee. An intention of the testator to require the executors or the defendant personally to employ the petitioner so long as she desired to remain cannot be found in the will, and a purpose to create a permanent charge on the corpus of the estate in favor of the petitioner cannot be read into clauses ten and twelve. For the reasons stated, the petitioner is not entitled to maintain her bill, and it is not necessary to consider other grounds of demurrer. The orders sustaining the demurrers and dismissing the bill are affirmed.

*Ordered accordingly.*